IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE GLAUS, | No. C-09-2232 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, | |
| Defendant / | |

Before the Court is defendant Kaiser Foundation Health Plan, Inc.'s ("Kaiser") "Motion to Dismiss and, in the Alternative, for More Definite Statement," filed July 9, 2009, as amended July 21, 2009 and August 4, 2009. Plaintiff Nicole Glaus ("Glaus") has filed opposition, to which Kaiser has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for September 11, 2009, and rules as follows.

**BACKGROUND**

In her complaint, Glaus alleges that at all relevant times she was a member of the Stead Plan, an ERISA plan provided by her former employer The Stead Automotive Group ("Stead"), which plan, Glaus alleges, was administered by Kaiser. (See Compl. ¶¶ 4, 12.) The terms of the Stead Plan are summarized in a document titled "Kaiser Permanente

Deductible Plan[;] Evidence of Coverage for the Stead Automotive Group" ("EOC").  (See Borje-Bonkowski Decl., filed July 9, 2009, Ex. A at 16-68.)

According to the complaint, Glaus was injured in an automobile accident in 2006 and thereafter received from Kaiser medical services for which the "total charges" were $517.20, and for which Glaus paid "cost-sharing payments of $20."  (See Compl. ¶¶ 4, 15.)  Glaus alleges she recovered a settlement of $4250 from the individual whom Glaus asserted was responsible for the automobile accident, and that Kaiser thereafter "requested payment of $517.20" and did not "credit" Glaus with the "cost-sharing payments she had made out-of-pocket."  (See Compl. ¶¶ 18, 19.)[1]  Glaus further alleges she paid the amount requested, less deductions she was entitled to take under state law.  (See Compl. ¶ 18.)[2]

By the instant action, Glaus alleges that, under ERISA, she is entitled to a declaration that Kaiser's failure to credit the cost-sharing payments constitutes a violation of the terms of the plan and a breach of Kaiser's fiduciary duty to Glaus, as well as an order requiring Kaiser to reimburse her for the cost-sharing payments, specifically, $20.[3]

//

---

[1] The EOC provides that where a plan participant receives a "judgment or settlement from or on behalf of a third party who allegedly caused an injury or illness for which [the participant] received covered Services," Kaiser has a "lien on the proceeds of [such] judgment or settlement."  (See Borje-Bonkowski Decl. Ex. A at 53.)  The EOC further provides that if Kaiser requires a participant to pay "covered Services" from the proceeds of a judgment or settlement, Kaiser will "credit" any "Cost Sharing" payments paid by the participant.  (See id.)

[2] Glaus alleges she did not pay the full amount requested, $517.20, as she deducted therefrom a portion of the attorney's fees and costs incurred to obtain the settlement.  See Cal. Civil Code § 3040(f) ("A lien . . . is subject to pro rata reduction, commensurate with the enrollee's or insured's reasonable attorney's fees and costs, in accordance with the common fund doctrine."); see also EOC (Borje-Bonkowski Decl. Ex. A at 53) (providing amount Stead Plan participant must pay Kaiser out of judgment or settlement "will not exceed the maximum amount allowed under California Civil Code Section 3040").

[3] In addition, Glaus seeks an injunction precluding Kaiser from failing to provide credit for cost-sharing payments in the future.  Because Glaus does not allege she is currently a participant in the Stead Plan, or in any other plan administered by Kaiser, it is unclear whether Glaus has standing to seek such an injunction.  In light of the Court's finding on the issue of exhaustion, however, the Court does not address the additional question of whether injunctive relief is properly sought herein.

2

**DISCUSSION**

Kaiser argues the instant action should be dismissed for the reason Glaus has not exhausted her administrative remedies.

Although "the text of ERISA nowhere mentions the exhaustion doctrine," see Amato v. Bernard, 618 F.2d 559, 566 (9th Cir. 1980), the Ninth Circuit, for prudential reasons, has held that before an ERISA plan participant may bring an action seeking an award of benefits or a declaration of rights under a plan, such plaintiff must first exhaust administrative remedies available under the plan, unless he/she demonstrates exhaustion should be excused. See Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust, 50 F.3d 1478, 1480, 1484-86 (9th Cir. 1995) (holding district court properly dismissed participant's claim for benefits under plan, where participant failed to exhaust administrative remedies and did not demonstrate administrative remedies where inadequate or futile); Amato, 618 F.2d at 566-69 (holding district court properly dismissed claim by participant for declaration of rights under plan, where participant failed to exhaust administrative remedies and did not demonstrate administrative remedies were inadequate or futile).

At the outset, the Court finds, contrary to Glaus's argument, that the Court is not precluded from determining, in the context of a motion to dismiss, whether Glaus has exhausted her administrative remedies. See Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988) (holding "failure to exhaust nonjudicial remedies should be raised in a motion to dismiss"). Further, and contrary to Glaus's argument, the Court is not obligated to deny the motion to dismiss in light of the complaint's conclusory allegation that Glaus has "exhausted her administrative remedies under the Stead Plan and the EOC." (See Compl. ¶ 27.) Rather, where, as here, both parties have offered evidence outside the pleadings, the Court may determine whether such evidence demonstrates a failure to exhaust administrative remedies, and, if so, whether such failure should be excused. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003) ("In deciding a motion to dismiss for a failure to exhaust nonjudicial

remedies, the court may look beyond the pleadings and decide disputed issues of fact.")

Here, the Stead Plan, as summarized in the EOC, includes the following provision, setting forth an administrative process for resolving grievances of plan participants:

> You can file a grievance for any issue. Your grievance must explain your issue, such as the reasons why you believe a decision was in error or why you are dissatisified about Services you received. You must submit your grievance orally or in writing within 180 days of the date of the incident that caused your dissatisfaction as follows:
>
> • To a Member Services representative at your local Member Services Department at a Plan Facility . . . , or by calling our Member Service Call Center
>
> • Through our Web site at kp.org
>
> • To [a specified post office box address]
>
> We will send you a confirmation letter within five days after we receive your grievance. We will send you our written decision within 30 days after we receive your grievance. If we do not approve your request, we will tell you the reasons and about additional dispute resolution options. . . .

(See Borje-Bonkowski Decl. Ex. A at 56-57.)

In her opposition, Glaus acknowledges she did not submit a grievance in the manner set forth in the above-quoted provision of the EOC. (See Pl.'s Opp., filed August 21, 2009, at 8:28 - 9:5; 10:14-16; 10:22-23.) Nonetheless, Glaus argues, she should be excused from failing to submit a grievance.

First, Glaus argues, because the EOC states, "You can file a grievance for any issue," the entire administrative process scheme is, in Glaus's words, "optional." The Court disagrees. The issue is not whether, as a contractual matter, Glaus agreed she would not file a lawsuit unless she first presented her grievance administratively. Rather, because exhaustion of available administrative remedies is a judicially-imposed requirement, the issue is whether there is an available administrative remedy. Because the EOC provision affording participants the ability to submit a grievance is an administrative remedy available to Glaus, she is required to exhaust that remedy before filing suit. See Amato, 612 F.2d at 566. The EOC's use of the word "can" is of no import. Indeed, the Ninth Circuit has affirmed the dismissal of ERISA claims where the plaintiff failed to exhaust administrative

4

1  remedies set forth in a plan using language that, in all material respects, is
2  indistinguishable from that employed in the EOC.  See, e.g., Diaz, 50 F.3d at 1481, 1483
3  (affirming dismissal of ERISA claim, where plaintiff failed to comply with plan provision
4  stating, "If a claim for benefits is denied in whole or in part, you, or a representative you
5  choose, may request a review of the decision within 60 days of the date you receive the
6  notice of denial or limitation") (emphasis added); Amato, 612 F.2d at 562 and n.1 (affirming
7  dismissal of ERISA claim, where plaintiff failed to comply with plan provision stating, "Any
8  person whose application for benefits . . . has been denied in whole or in part . . . may
9  petition the Board of Trustees to reconsider its decision") (emphasis added).
10         Glaus next argues she should be excused from having to exhaust the administrative
11  remedies available under the EOC, in light of a response she received to an inquiry she
12  submitted in February 2008 to Stead, by that time her former employer, whom, Glaus
13  argues in her opposition, is the plan administrator.  The letter Glaus wrote to Stead, whom
14  she addressed therein as "Dear Administrator," reads in its entirety as follows:

> I believe that I am entitled to additional benefits from my Kaiser medical coverage from when I was employed by Michael Stead Buick Pontiac GMC. Please send me a copy of any plan document or plan summary for the Medical Plan.  Also, please let me know if there is some sort of claims procedure.

18  (See Glaus Decl. Ex. 1.)  In response, Stead sent Glaus a four-page pamphlet titled "Stead
19  Automotive Group Employee Benefits Summary," which provides a brief overview of five
20  types of "health and welfare benefits," specifically, "medical," "dental," "vision," "life and
21  accidental death and dismemberment insurance," and "flexible spending account."  (See id.
22  Ex. 2.)  The third page, titled "Medical," sets forth, in chart form, a comparison of two
23  medical plans, "Health Net HMO" and "Kaiser HMO"; the chart, for example, sets forth the
24  "calendar-year deductible" for each plan and the cost to the participant of an "emergency
25  room" visit under each plan, and also provides a website and telephone number for the two
26  HMOs.  (See id. Ex. 2 at third unnumbered page.)  On the last page of the 4-page
27  pamphlet, the pamphlet states, "The information provided in this pamphlet is intended as an
28  overview only.  The actual terms and conditions of participation and coverage are governed

1 by the insurance contracts and plan documents." (See id. Ex. 2 at fourth unnumbered
2 page.)

3 Glaus contends she should be excused from having to exhaust her administrative
4 remedies because the pamphlet did not advise her of those administrative remedies. In
5 particular, Glaus argues that because a summary plan description must contain a
6 "description of all claims procedures," see 29 C.F.R. § 2560.503-1(b), and because a plan
7 administrator is required to provide a plan participant with a copy of a summary plan
8 description upon written request, see 29 U.S.C. § 1024(b)(4), she should be excused from
9 having to present a grievance to Kaiser because the pamphlet was not accompanied by the
10 EOC or other document indicating the availability of such an administrative remedy.
11 Assuming, arguendo, Stead is the plan administrator, and further assuming Stead violated
12 a provision of ERISA by not sending Glaus the EOC in response to her February 2008
13 letter, Glaus fails to show such procedural violation constitutes a cognizable excuse for her
14 failure to exhaust; specifically, Glaus acknowledges receiving from Kaiser multiple copies of
15 the EOC during the time she was a plan participant. (See Glaus Decl., filed August 21,
16 2009, ¶ 4.) Consequently, Glaus had notice of the availability of the grievance procedure.
17 Cf. Back v. Danka Corp., 335 F.3d 790, 791-92 (8th Cir. 2003) (holding plaintiff's claim for
18 benefits not subject to dismissal for failure to exhaust administrative remedies, where it was
19 "undisputed" plaintiff was not given copy of plan or summary plan description and was
20 otherwise "never informed" of available administrative remedies); see McKenzie v. General
21 Telephone Co., 41 F.3d 1310, 1315 (9th Cir. 1994) (holding insurer, in denying benefits, not
22 estopped from relying on "any occupation" provision in ERISA plan where, despite insurer's
23 failure to provide plaintiff with plan document describing "any occupation" provision, insurer
24 otherwise "informed [plaintiff] of the applicable standards on several occasions," thus
25 providing "adequate notice" to plaintiff).[4]

---

27 [4]The Court further notes the complaint alleges that "Kaiser functioned as the plan administrator of the Stead Plan by among other things, providing plan documents to participants." (See Compl. ¶ 39.) Glaus fails to explain why she did not send her February 2008 letter to Kaiser, the party allegedly responsible for providing plan documents.

6

      Moreover, to the extent Glaus relies on the principle that exhaustion should be excused where a plaintiff reasonably misunderstands a statement by the plan administrator, Glaus fails to show any statement by her former employer was, in fact, misleading. The employer's response does not state or imply the Stead Plan includes no provision for addressing grievances, nor does it state or imply the EOC previously provided to Glaus was no longer in effect. Further, because Glaus's letter does even indicate she wished to contest a determination previously made by Kaiser, the employer's response cannot reasonably be interpreted as having implicitly advised Glaus that she had no ability to seek administrative review of such determination.

      Finally, the Court finds the instant case is precisely the type of claim that should be exhausted before it is the subject of a lawsuit. As noted, Glaus contends Kaiser failed to credit her $20 co-payment when it calculated the amount of money Glaus owed Kaiser from the proceeds of her settlement. If Kaiser miscalculated the amount due as a result of a clerical or similar error, use of the administrative grievance procedure could resolve the error quickly and inexpensively, without the need for the parties to expend resources to retain counsel and pay the costs incident to the filing and prosecution of a lawsuit. See Amato, 618 F.2d at 567 (finding imposition of exhaustion requirement in ERISA cases would "minimize the costs of claims settlement for all concerned"). If, on the other hand, Kaiser, after having considered Glaus's grievance, took the position that the charge was proper, it would be required under the EOC to set forth its determination in writing, thus framing the issue for any later court review. See id. at 568 (finding imposition of exhaustion requirement in ERISA cases proper because "prior fully considered actions by [fiduciaries] interpreting their plans and perhaps also refining and defining the problem . . . may well assist the courts when they are called upon to resolve the controversies"); see also Back, 335 F.3d at 792 (holding exhaustion process "is of substantial benefit to reviewing courts, because it gives them a factual predicate upon which to proceed").

      Accordingly, the Court finds Glaus has failed to show she is excused from having to exhaust her administrative remedies.

**CONCLUSION**

For the reasons stated above, Kaiser's motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED without prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 8, 2009

MAXINE M. CHESNEY
United States District Judge